# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ELIZABETH ROSE, as personal representative of William Sutherland, deceased | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 11-00626-CV-W-NKL |
| v. | )<br>)<br>) |
| VIGILANT INSURANCE COMPANY, | )<br>) |
| Defendant. | ) |

## ORDER

Pending before the Court is Plaintiff's motion for partial summary judgment on the question of whether an exclusion clause in a Vigilant insurance policy applies to an insurance claim initially filed by William Sutherland [Doc. # 13]. For the following reasons, the Court GRANTS the motion.

William Sutherland, deceased, was a Missouri resident and a named insured under a "Homes and Contents" policy on a house on Ridenbaugh Street. The policy in question was issued by Defendant Vigilant Insurance Company to Sutherland and his daughter, Elizabeth Rose, who is now the personal representative of Sutherland's estate. Sutherland, Rose and her husband lived in the Ridenbaugh Street house, but Rose also owned a rental home on Southwest Trail Street. Sutherland's Native American art collection was being stored in the Southwest Trail house under the supervision of the tenants. After Sutherland's collection of

Native American art was stolen from the Southwest Trail house within the policy period, Sutherland claimed a loss of $870,000. Relying on an exclusion clause in its policy, Vigilant paid only ten percent of the loss. Sutherland then filed this suit claiming that the exclusion clause does not apply and the estate is entitled to be paid the full $870,000. After suit was filed, Sutherland died and Elizabeth Rose was substituted as the personal representative of his estate to pursue Sutherland's claim.

> The first disputed clause in the Vigilant insurance policy provides, in pertinent part:
>
> **At your residence not listed in this policy or other policies.** If the covered loss takes place at a residence you own or live at that does not have contents...coverage listed in this or any other policy issued by...Chubb Corporation, we will pay up to 10% of the highest amount of contents coverage in this policy for each occurrence. [Doc. # 1-1 at 22].
>
> \* \* \*
>
> **You** means the person named in the Coverage Summary, and a spouse who lives with that person. [Doc. # 1-1 at 11].
>
> \* \* \*

Vigilant argues that because Rose owned the Southwest Trail residence where the theft occurred, and because that residence was not covered by any Chubb[1] policy, the exclusion clause applies and limits the estate's recovery to ten percent.

The Plaintiff first argues that the word "residence" in the policy only refers to a house in which the policyholder actually lives, and that because neither Sutherland nor Rose ever

---

[1] The parties do not indicate any relationship between Vigilant and Chubb, but it is clear from the briefing that any such relationship is irrelevant for purposes of the Plaintiff's Motion for Partial Summary Judgment.

2

lived at the Southwest Trail residence, the exclusion does not apply. However, this argument focuses only on the heading of the exclusion clause and not on its content. Although the term "residence," if it appeared by itself, might be ambiguous, the phrase "residence you own or live at" is not. Rose owned the Southwest Trail house, which was used as a residence by the renters, and thus the exclusion clearly applies to limit her recovery to ten percent. An insurance policy must be read as a whole and disputed language much be considered in context with "reference to associated words". *Chase Resorts, Inc. v. Safety Mut'l Cas. Corp,* 869 F.2d 145,150 (Mo. App. 1963). [W]here insurance policies are unambiguous, they will be enforced as written." *Rodriguez v. Gen. Accident Ins. Co. of Am.*, 808 S.W.2d 379, 382 (Mo. banc 1991).

Looking at both the heading and the content of the exclusion clause, the Vigilant policy prevents Rose from recovering in her individual capacity. However, Rose is not seeking to recover in her individual capacity; she sues as the personal representative of the estate of William Sutherland. Thus the question is whether William Sutherland is excluded from full coverage as well, even though he neither lived in nor owned the Southwest Trails property.

Plaintiff argues that under the "Application of Coverage" clause, the estate is entitled to full recovery, even if Rose is not, because that severability clause provides that Sutherland's coverage and Rose's coverage are treated separately. The "Application of Coverage" clause provides as follows:

> **Application of Coverage**
>
> Coverage applies separately to each covered person. However this provision does not increase the amount of coverage for any one occurrence.

3

Plaintiff relies on *Shelter Mut. Ins. Co. v. Brooks*, 693 S.W.2d 810, 811 (Mo. banc 1985) for the proposition that severability clauses, such as the "Application of Coverage" clause in Vigilant's policy, are intended to treat each insured as if he or she were covered by a separate policy. Plaintiff thus argues that Sutherland is covered by the policy for his loss even if Rose is not.

Vigilant counters that the severability clause does not apply here because it includes the language that "this provision does not increase the amount of coverage". Vigilant argues that allowing the Plaintiff to collect the full amount of Sutherland's claim would effectively increase the amount of coverage and therefore is precluded by the express language in the severability clause. Vigilant relies on *Baker v. DePew,* 860 S.W.2d 318 (Mo. banc 1993), for the proposition that a "severability clause applies to the meaning of the term 'insured' anywhere in the policy except in the provisions that specify the limits of liability; i.e., the severability clause does not operate to increase the limits of the policy." *Id.* at 320. Vigilant suggests that this language should be interpreted to mean that severability clauses "are used merely to recognize that each insured under the Policy is jointly entitled to the full measure of coverage" and that Plaintiff's approach "would increase the amount of coverage by a factor equal to the number of insureds listed on the Policy." [Doc. # 15 at 8-9].

Vigilant's argument has no merit. The plain meaning of the phrase "this provision does not increase the amount of coverage" is that although multiple insureds might share coverage on one item, the insurance company is not obligated to pay more than the value of the lost item and that payment must be shared amongst all the insureds. The nightmare

4

scenario suggested by Vigilant in which it is forced to "pay out the theft loss ten times over" mischaracterizes the very import of the severability clause. [Doc. # 20 at 3]. Vigilant must only pay up to the value of the loss even if more than one insured claims an interest in the lost item, but that does not mean that Vigilant is entitled to pay nothing because one of the insureds is excluded by some provision in the policy.

The Plaintiff's argument is in fact consistent with the holding in *Baker*, on which Vigilant relies. Indeed, the very sentence that Vigilant quotes from that opinion demonstrates the point. The severability clause means that all provisions of the policy are applicable to each insured separately, *except* the provisions "that specify the limits of liability", *Id.* at 320. In other words, all other provisions are to be applied to each insured separately. The *Baker* court specifically held that a severability clause "mean[s] that when applying the coverage to any particular insured the term 'insured' is deemed to refer only to the insured who is claiming coverage under the policy with respect to the claim then under construction." *Baker*, 860 S.W.2d at 320. The court explained: "One simple method of visibly demonstrating the impact of the severability clause is to insert the name of the applicable insured immediately following the term 'insured' in the relevant provisions." *Id*. Applying this method, the court found that the severability clause would insulate the plaintiff in that case from one exclusion clause in his policy but would not insulate the plaintiff from another. *Id.* at 321-322.

Applying the *Baker* court's method to this case, the Court concludes that the exclusion clause only limits Sutherland's recovery "[i]f the covered loss takes place at a residence you

5

[Sutherland] own or live at." The parties agree that Sutherland neither owned nor lived at the Southwest trail house, so the exclusion clause does not apply to Sutherland. This conclusion does not affect any provision that "specifies the limits of liability". Vigilant is not required to pay more than the limits of liability specified in those specific provisions dealing with the limits of liability.[2]

Accordingly, it is hereby ORDERED that Plaintiff's motion for partial summary judgment [Doc. # 13] is GRANTED.

                                             s/ Nanette K. Laughrey
                                            NANETTE K. LAUGHREY
                                            United States District Judge

Dated: January 17, 2012
Jefferson City, Missouri

---

[2] While the Court finds no ambiguity in the meaning of the severability clause, if there were any ambiguity, it would be interpreted in favor of the Plaintiff, with the same outcome.